ARNOLDO CASILLAS, ESQ., SBN 158519
DENISSE O. GASTÉLUM, ESQ., SBN 282771
**CASILLAS & ASSOCIATES**
3777 Long Beach Blvd., Third Floor
Long Beach, CA 90807
Tel: (562) 203-3030
Fax: (323) 297-2833
Email: acasillas@casillaslegal.com
        dgastelum@casillaslegal.com

Attorneys for Plaintiffs, SHANTEL DANG, individually; KAYLA DANG, individually; TAYLOR DANG, individually, and ESTATE OF THO XUAN NGO, by and through successors in interest, Shantel Dang, Kayla Dang, and Taylor Dang,

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| SHANTEL DANG, individually; KAYLA DANG, individually; TAYLOR DANG, individually, and ESTATE OF THO XUAN NGO, by and through successors in interest, Shantel Dang, Kayla Dang, and Taylor Dang,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF WESTMINSTER; WESTMINSTER POLICE DEPARTMENT; ENGELBERTO DELGADO; ROBERT MAY and DOES 1 to 10,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Excessive Force/Unreasonable Seizure (42 U.S.C. § 1983)<br>2. Municipal Liability for Unconstitutional Customs and Practices (42 U.S.C. § 1983)<br>3. Interference with Familial Integrity Substantive Due Process Violation (42 U.S.C. § 1983)<br>4. Assault & Battery<br>5. Wrongful Death<br>6. Intentional/Negligent Infliction of Emotional Distress<br>7. Civil Rights Violations (Cal. Civ. Code §52.1)<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

COME NOW Plaintiffs ESTATE OF THO XUAN NGO, by and through successors in interest, Shantel Dang, Kayla Dang, and Taylor Dang, individually; SHANTEL DANG, individually; KAYLA DANG, individually; and TAYLOR DANG, individually, and allege as follows:

## INTRODUCTION

1. This civil rights action seeks to establish the true and unequivocal facts surrounding the shooting and killing of Tho Xuan Ngo by police officers of the Westminster Police Department. This civil rights action further seeks to establish the violations of fundamental rights under the United States Constitution in connection with the killing of Tho Xuan Ngo on or about November 14, 2020.

2. Tho Xuan Ngo was a 47-year-old Vietnamese man who suffered from mental illness. He was small in stature measuring 5 feet, 6 inches in height and weighing 140 pounds. Tho Xuan Ngo shared a deep love with his three daughters, Shantel Dang, Kayla Dang, and Taylor Dang. The death of Tho Xuan Ngo has been a profound and unimaginable loss to his children and wife, the present Plaintiffs.

3. Tho Xuan Ngo was mentally ill and needed medical attention. The police officers who contacted him during the underlying incident had ample time to evaluate his circumstances, concluded that he need medical attention, failed to summon such medical attention, and instead shot and killed him without justification or cause. This shooting was absolutely unjustified, and it is Plaintiffs' goal to show that the killing of Tho Xuan Ngo was a senseless and unwarranted act of police abuse.

## JURISDICTION AND VENUE

4. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in the City of Westminster, California, and all of the Defendants reside in the County of Orange.

6. With respect to Plaintiffs' supplemental state claims, Plaintiffs request that this Court exercise supplemental jurisdiction over such claims as they arise from the same facts and circumstances which underlie the federal claims.

## PARTIES

7. Decedent Tho Xuan Ngo was a resident of Westminster, California.

8. The claims made by the ESTATE OF THO XUAN NGO, are brought by Shantel Dang, Kayla Dang, and Taylor Dang, the successors in interest to the ESTATE OF THO XUAN NGO pursuant to California Code of Civil Procedure § 377.32.

9. Plaintiffs SHANTEL DANG, KAYLA DANG, and TAYLOR DANG are and were, at all times relevant hereto, the natural children of decedent Tho Xuan Ngo.

10. Defendant CITY OF WESTMINSTER (hereinafter also "WESTMINSTER") is and was, at all relevant times hereto, a public entity, duly organized and existing under and by virtue of the laws of the State of California, with the capacity to sue and be sued. Defendant WESTMINSTER is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies. WESTMINSTER owns, operates, manages, directs and controls Defendant WESTMINSTER POLICE DEPARTMENT, also a separate public entity, which employs other police officer and Doe Defendants in this action. At all times relevant to the facts alleged herein, Defendant WESTMINSTER was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of its employees, including WESTMINSTER POLICE DEPARTMENT employees,

complied with the laws and the Constitutions of the United States and of the State of California.

11.  At all relevant times, defendants ENGELBERTO DELGADO and ROBERT MAY were employees of the WESTMINSTER POLICE DEPARTMENT and the CITY OF WESTMINSTER and were acting in the course and scope of such employment as well as under the color of the statutes and regulations of the State of California.  Said defendants were residents of the County of Orange in the State of California, and at all times mentioned herein said Defendants were acting in the course and scope of their employment with Defendant WESTMINSTER, which is liable under the doctrine of respondeat superior pursuant to California Government Code § 815.2.

12.  At all relevant times, defendants DOES 1 through 5, inclusive, were employees of the WESTMINSTER POLICE DEPARTMENT and the CITY OF WESTMINSTER and were acting in the course and scope of such employment as well as under the color of the statutes and regulations of the State of California.  Said defendants were residents of the County of Orange in the State of California, and at all times mentioned herein said Defendants were acting in the course and scope of their employment with Defendant WESTMINSTER, which is liable under the doctrine of respondeat superior pursuant to California Government Code § 815.2.

13.  On information and belief, at all relevant times, DOES 1 through 10, inclusive, were residents of the County of Orange in the State of California.

14.  The true names of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sue these Defendants by such fictitious names. Plaintiffs will seek leave to amend this Complaint to show the true names and capacities of these Defendants when they have been ascertained. Each of the fictitiously named Defendants is responsible in some manner for the conduct and liabilities alleged herein.

15. Defendants DOES 6 through 10 were also duly appointed police officers, sergeants, lieutenants, detectives, or other supervisors, officials, executives and/or policymakers of WESTMINSTER POLICE DEPARTMENT, a department and subdivision of Defendant WESTMINSTER, and at all times mentioned herein said Defendants were acting in the course and scope of their employment with Defendant WESTMINSTER, which is liable under the doctrine of *respondeat superior* pursuant to California Government Code § 815.2.

16. Defendants DOES 6 through 10 are supervisorial employees for Defendant WESTMINSTER POLICE DEPARTMENT who were acting under color of law within the course and scope of their duties as police officers for Defendant WESTMINSTER POLICE DEPARTMENT. Defendants DOES 6 through 10 were acting with the complete authority and ratification of their principal, Defendant WESTMINSTER.

17. Defendants DOES 6 through 10 are managerial, supervisorial, and policymaking employees of Defendant WESTMINSTER POLICE DEPARTMENT, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for Defendant WESTMINSTER. Defendants DOES 6 and 10 were acting with the complete authority and ratification of their principal, Defendant WESTMINSTER.

18. Each of the Defendants caused and is responsible for the unlawful conduct and resulting by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so; by authorizing, acquiescing or failing to take action to prevent the unlawful conduct; by promulgating policies and procedures pursuant to which the unlawful conduct occurred; by failing and refusing, with deliberate indifference to Plaintiffs' rights, to initiate and maintain adequate supervision and/or training; and, by ratifying the unlawful conduct that occurred by agents and peace officers under their direction and control.  Whenever and wherever reference is made in this Complaint to any act by a Defendant, such allegation and

reference shall also be deemed to mean the acts and failures to act of each Defendant individually, jointly, and severally. They are sued in their individual and official capacities and in some manner are responsible for the acts and omissions alleged herein. Plaintiffs will ask leave of this Court to amend this Complaint to allege such name and responsibility when that information is ascertained.  Each of the Defendants is the agent of the other.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

19. Plaintiffs reallege and incorporate the foregoing paragraphs as if set forth herein.

20. On Saturday, November 14, 2020, between the evening hours of 7 p.m. and 8 p.m., various police officers of the Westminster Police Department where summoned to a family residence located at 15821 Las Nubes Street, Westminster, California in response to a call for service regarding a mentally ill man who was acting strange and exhibiting erratic behavior.  This man was Tho Xuan Ngo – a small Vietnamese man who suffered from mental illness.

21. The call was designated as a "5150" by the dispatchers, the designation for a mentally ill suspect, based on the callers' description of the subject's conduct.

22. The subject of the call, Tho Xuan Ngo, was in fact mentally ill, and police officers of the Westminster Police Department knew of Tho Xuan Ngo's mental illness based on their prior 5150 contacts at the residence.

23. Ample time and opportunity were available for the dispatched officers to undertake safe and reasonable measures to safely take Tho Xuan Ngo into custody safely.  They deliberately and/or negligently failed to do so.

24. When the officers arrived in various patrol vehicles at the location of the call, they found Tho Xuan Ngo standing inside the gate of his front yard with a small wooden stick in his hand.  The stick was light colored piece of pine wood which was being used to build the front covered wood patio.  Tho Xuan Ngo did not hold the stick in an aggressive manner.  At no time was the stick held in a threatening manner

as if to strike the officers, but rather was simply held in Tho Xuan Ngo's hand pointing downwards towards the ground. Defendants Engelberto Delgado, Robert May and Christopher Chavez made contact with Tho Xuan Ngo and confirmed that the subject of the call was mentally ill.

25. Despite having ample time to coordinate tactics for the detention of Tho Xuan Ngo, the officers at the scene did not communicate with each other as to how to detain him. They observed the above-identified conduct and concluded that Tho Xuan Ngo was mentally ill.

26. The officers had available to them various less-than-lethal such as chemical agents ("pepper-spray"), electronic control devices ("tasers"), 12-gauge stunbags ("bean-bag shotguns"), and baton launching systems ("40-MM"). All of the officers were trained and certified as to the use of these weapons. They had ample time to deploy and use such weapons. They failed to communicate as to reasonable tactics for the deployment of such weapons.

27. The circumstances were well-suited for the use of these weapons. Tho Xuan Ngo was on foot. He was moving slowly. He was in an open area in his front yard with no other pedestrians in his vicinity. He was easily accessible by officers from positions of safety such as behind parked vehicles. Had the officers sought cover and maintained a reasonable distance from Tho Xuan Ngo, the incident would have slowly evolved, affording the officers with time to coordinate amongst each other the use of less-lethal weapons to detain Tho Xuan Ngo.

28. Rather than coordinate a tactical approach to detain Tho Xuan Ngo, Defendants Engelberto Delgado, Robert May and DOES 1 through 3 approached Tho Xuan Ngo, and suddenly without cause fired several gunshots at Tho Xuan Ngo, striking him. Tho Xuan Ngo eventually died from these injuries caused by the gunshots.

29. Plaintiffs Kayla Dang and Taylor Dang were present in front of their home along with their father. They contemporaneously saw and otherwise

experienced the shooting and killing of their father by defendants Engelberto Delgado, Robert May and DOES 1 through 3.

30. Under the circumstances, the shooting and killing of Tho Xuan Ngo was without provocation, cause or necessity as Tho Xuan Ngo did not pose a threat or represent a danger of any nature to anyone, including Defendants DOES 1 through 3, at the time of the shooting. Accordingly, the shooting and killing of Tho Xuan Ngo was unjustified and this use of force was unwarranted and excessive under the circumstances.

## FIRST CLAIM FOR RELIEF

### Excessive Force/Unreasonable Seizure

### 42 U.S.C. § 1983

**As Against Defendants Engelberto Delgado, Robert May and DOES 1 through 3**

31. Plaintiff ESTATE OF THO XUAN NGO realleges and incorporates the foregoing paragraphs as if set forth herein.

32. The actions of Defendants Engelberto Delgado, Robert May and DOES 1 through 3, as described herein, violated Tho Xuan Ngo's rights under the Fourth Amendment to the United States Constitution incorporated and made applicable to states and municipalities by the Due Process Clause of the Fourteenth Amendment, by subjecting Tho Xuan Ngo to unreasonable searches and seizures of his person.

33. At the time Tho Xuan Ngo was shot and killed, he was not engaging in any assaultive or threatening conduct. Under the totality of the relevant circumstances that existed, Tho Xuan Ngo posed no danger or threat to Defendants Engelberto Delgado, Robert May and DOES 1 through 3, or anyone else. The shooting and killing of Tho Xuan Ngo was unreasonable under the circumstances in every respect.

34. These actions violated Tho Xuan Ngo's right to be free from unreasonable searches and seizures as guaranteed under the Fourth Amendment to the United States Constitution.

35. Defendants' conduct violated clearly established constitutional or other rights, of which Defendants knew, or of which reasonable public officials should have known, rendering Defendants liable to Plaintiffs under 42 U.S.C. § 1983.

36. The unauthorized, unwarranted killing of Tho Xuan Ngo was willful and done with a deliberate disregard for the rights and safety of Tho Xuan Ngo, and therefore warrants the imposition of punitive damages as to Defendants DOES 1 through 3.

37. After being shot by said defendants, Tho Xuan Ngo endured great physical and emotional pain and suffering, as well as the realization of his impending death.

38. As a direct and proximate result of the above-described acts and deliberate omissions of Defendants Engelberto Delgado, Robert May and DOES 1 through 3, said defendants are liable to Plaintiff ESTATE OF THO XUAN NGO for compensatory damages pursuant to 42 U.S.C. § 1983.

## SECOND CLAIM FOR RELIEF

**Municipal Liability for Unconstitutional Customs and Practices**

**42 U.S.C. § 1983**

**As Against Defendant CITY OF WESTMINSTER, WESTMINSTER POLICE DEPARTMENT and DOES 6 through 10**

39. Plaintiff ESTATE OF THO XUAN NGO realleges and incorporates the foregoing paragraphs as if set forth herein.

40. On and before November 14, 2020, and prior to the killing of Tho Xuan Ngo, Defendants CITY OF WESTMINSTER, WESTMINSTER POLICE DEPARTMENT and Does 6 through 10, and each of them, were aware that WESTMINSTER POLICE DEPARTMENT police officers, including Defendants DOES 1 through 3, had engaged in a custom and practice of callous and reckless use of firearms and other misconduct, as summarized in the paragraphs above.

41. Defendants CITY OF WESTMINSTER, WESTMINSTER POLICE DEPARTMENT and Does 6 through 10, and each of them, acting with deliberate indifference to the rights and liberties of the public in general, and of the present Plaintiffs, and of persons in Tho Xuan Ngo's class, situation and comparable position in particular, knowingly maintained, enforced and applied customs and practices of:

    a. Encouraging, accommodating, or ratifying the shooting of residents;

    b. Encouraging, accommodating, or ratifying the use of excessive and unreasonable force, including deadly force;

    c. Encouraging, accommodating, or facilitating a "code of silence" among WESTMINSTER POLICE DEPARTMENT officers/supervisors, pursuant to which false reports were generated and excessive and unreasonable force was covered up;

    d. Employing and retraining, as police officers and other personnel, including individuals such as Defendants DOES 1 through 3, who said Defendants knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating members of the public;

    e. Inadequately supervising, training, and disciplining WESTMINSTER POLICE DEPARTMENT police officers, including Defendants DOES 1 through 3, who said Defendants knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

    f. Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling intentional misconduct by officers;

    g. Ratifying wrongful conduct by police officers and supervisors which result in serious injuries and death to members of the public, civil

10
**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

           litigation judgments and settlements by failing to implement corrective action to prevent repetition of the wrongful conduct; and

    h.    Failing to discipline, investigate and take corrective actions against WESTMINSTER POLICE DEPARTMENT police officers for misconduct, including, but not limited to, unlawful detention, excessive force and false reports.

    i.    Failing to train officers, such as Defendants DOES 1 through 3, as to the proper techniques for the deployment and use of less-than-lethal force, such as Taser devices.

42. By reason of the aforementioned customs and practices, Plaintiffs were severely injured and subjected to pain and suffering as alleged above in the First Claim for Relief.

43. Defendants CITY OF WESTMINSTER, WESTMINSTER POLICE DEPARTMENT and Does 6 through 10, with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these Defendants condoned, tolerated and through actions and inactions thereby ratified such customs and practices. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiffs and other individuals similarly situated.

44. Plaintiffs are informed and believe and thereon allege that Defendants Engelberto Delgado, Robert May and DOES 1 through 3 each had a history and propensity for acts of the nature complained of herein and manifested such propensity prior to and during their employment and/or agency with Defendant CITY OF WESTMINSTER. Plaintiffs are further informed and believe and thereon allege that Defendants CITY OF WESTMINSTER, WESTMINSTER POLICE DEPARTMENT, and Does 6 through 10, knew, or in the exercise of reasonable care

should have known, of such prior history and propensity at the time such individuals were hired and/or during the time of their employment. These Defendants' disregard of this knowledge and/or failure to adequately investigate and discover and correct such facts caused the violation of Plaintiffs' constitutional rights.

45. The policies, practices, and customs implemented and maintained and still tolerated by Defendants CITY OF WESTMINSTER, WESTMINSTER POLICE DEPARTMENT and Does 6 through 10, and each of them, were affirmatively linked to and were a significantly influential force behind the injuries of Plaintiffs.

46. By reason of the aforementioned acts and omissions, Tho Xuan Ngo was shot and killed by Defendants Engelberto Delgado, Robert May and DOES 1 through 3.

47. Accordingly, Defendants CITY OF WESTMINSTER, WESTMINSTER POLICE DEPARTMENT and DOES 6 through 10, are liable to Plaintiffs for compensatory damages pursuant to 42 U.S.C. § 1983.

## THIRD CLAIM FOR RELIEF

### Interference with Familial Integrity
### Substantive Due Process Violation
### 42 U.S.C. § 1983

**As Against Defendants CITY OF WESTMINSTER, CITY OF WESTMINSTER POLICE DEPARTMENT, and ENGLEBERTO DELGADO, ROBERT MAY and DOES 1 through 10**

48. Plaintiffs SHANTEL DANG, KAYLA DANG, and TAYLOR DANG reallege and incorporate the full contents of the foregoing paragraphs as if set forth herein.

49. The substantive due process clause of the Fourteenth Amendment to the United States Constitution guarantees all persons the right to be free from unlawful state interference with their familial relations. 42 U.S.C. § 1983 provides a private right of action for conduct which violates this right.

50. On or about August 8, 2016, Tho Xuan Ngo had an encounter with Defendants Engelberto Delgado, Robert May and DOES 1 through 3. As presented above in the first claim/cause of action, said defendants wrongfully and unnecessarily used a Taser device against Tho Xuan Ngo and while the Taser was in use, said defendants shot Tho Xuan Ngo repeatedly.

51. As alleged above, the shooting and killing of Tho Xuan Ngo was unreasonable under the circumstances of the encounter between Tho Xuan Ngo and Defendants Engelberto Delgado, Robert May and DOES 1 through 3. As such, the shooting and killing of Tho Xuan Ngo violated the constitutional limits on police use of deadly force in violation of the Fourth Amendment's limits on unreasonable seizures.

52. At the same time, the shooting and killing of Tho Xuan Ngo by Defendants Engelberto Delgado, Robert May and DOES 1 through 3 violated the rights of Plaintiffs SHANTEL DANG, KAYLA DANG, and TAYLOR DANG to be free from police interference in their relationship with Tho Xuan Ngo.

53. The unreasonable conduct of Defendants DOES 1 through 3 was the direct and proximate cause of the death of Tho Xuan Ngo. The death of Tho Xuan Ngo was also proximately caused by the unconstitutional customs and practices of defendants CITY OF WESTMINSTER, WESTMINSTER POLICE DEPARTMENT and DOES 6 through 10. As a result of the unreasonable conduct of all said defendants, Plaintiffs lost Tho Xuan Ngo, as well as his love, affection, society and moral support.

54. The unreasonable conduct of Defendants Engelberto Delgado, Robert May and DOES 1 through 3was willful and done with a deliberate disregard for the rights and safety of Tho Xuan Ngo and the present Plaintiffs and therefore warrants the imposition of punitive damages as to Defendants Engelberto Delgado, Robert May and DOES 1 through 3.

55. Accordingly, CITY OF WESTMINSTER, WESTMINSTER POLICE DEPARTMENT and DOES 1 through 10 are liable to Plaintiffs for compensatory damages pursuant to 42 U.S.C. § 1983.

## FOURTH CLAIM FOR RELIEF

## ASSAULT & BATTERY

**As Against Defendants CITY OF WESTMINSTER, ENGLEBERTO DELGADO, ROBERT MAY and DOES 1 through 3**

56. Plaintiff ESTATE OF THO XUAN NGO realleges and incorporates the foregoing paragraphs as if set forth herein.

57. This cause of action arises under the general laws and Constitution of the State of California. Plaintiffs have complied with the California Tort Claims Act requirements.

58. Defendants Engelberto Delgado, Robert May and DOES 1 through 3, assaulted and battered Tho Xuan Ngo, as pleaded herein above, when said Defendants acted intentionally to cause, and did cause, said non-consensual, unprivileged, unjustified, excessive, harmful or offensive contact to the person of Tho Xuan Ngo by unreasonably and unjustly shooting and killing Tho Xuan Ngo

59. These acts were undertaken by said defendants intentionally and without justification.

60. As a result of these deliberate and unjustified acts undertaken by said defendants, Tho Xuan Ngo endured great physical and emotional pain and suffering, and he eventually lost his life.

61. These deliberate and unjustified acts undertaken by said defendants were willful and done with a deliberate disregard for the rights and safety of Tho Xuan Ngo and, therefore, warrant the imposition of punitive damages as to Defendants Engelberto Delgado, Robert May and DOES 1 through 3.

62. Defendants CITY OF WESTMINSTER and CITY OF WESTMINSTER POLICE DEPARTMENT are liable to Plaintiffs for the acts of their public

employees, the individual Defendants herein, for conduct and/or omissions herein alleged, pursuant to the doctrine of *respondeat superior*, codified at California Government Code § 815.2.

## FIFTH CLAIM FOR RELIEF
## WRONGFUL DEATH

**As Against Defendants CITY OF WESTMINSTER, and ENGLEBERTO DELGADO, ROBERT MAY and DOES 1 through 10**

63. Plaintiffs SHANTEL DANG, KAYLA DANG, and TAYLOR DANG reallege and incorporate the foregoing paragraphs as if set forth herein.

64. This cause of action arises under the general laws and Constitution of the State of California. Plaintiffs have complied with the California Tort Claims Act requirements.

65. Defendants Engelberto Delgado, Robert May and DOES 1 through 3, while working as police officers of the CITY OF WESTMINSTER and acting within the course and scope of their duties, employed negligent tactics and intentionally and/or without due care shot and killed. Tho Xuan Ngo. The shooting resulted as a result of said defendants' unsafe, improper and negligent tactics. As a result of these intentional acts and negligence, Tho Xuan Ngo suffered serious injuries and lost his life. Defendants DOES 1 through 3 had no legal or reasonable justification for their actions.

66. Defendants CITY OF WESTMINSTER and DOES 6 through 10 failed to properly establish training programs within the City of Westminster Police Department for the management and handling of calls for service or encounters involving mentally ill individuals and for the de-escalation of encounters with mentally ill individuals. Said defendants also negligently failed to train Defendants Engelberto Delgado, Robert May and DOES 1 through 3 as to the safe management

and handling of calls for service or encounters involving mentally ill individuals and for the de-escalation of encounters with mentally ill individuals.

67. As a direct and proximate result of the intentional, reckless and/or negligent conduct of all of the above defendants, Tho Xuan Ngo eventually died. Plaintiffs have been deprived of the life-long love, affection, comfort, and society of Tho Xuan Ngo, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs were further caused to pay funeral and burial expenses as a result of the conduct of Defendants DOES 1 through 3.

68. Defendants CITY OF WESTMINSTER are vicariously liable for the wrongful, intentional and/or negligent acts of Defendants DOES 1 through 3, and DOES 1 through 10, pursuant to California Government Code § 815.2, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## SIXTH CLAIM FOR RELIEF

## INTENTIONAL/NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

**As Against Defendants CITY OF WESTMINSTER, ENGLEBERTO DELGADO, ROBERT MAY and DOES 1 through 3**

69. Plaintiffs KAYLA DANG, and TAYLOR DANG reallege and incorporates the foregoing paragraphs as if set forth herein.

70. This cause of action arises under the general laws and Constitution of the State of California. Plaintiffs have complied with the claim presentation requirements of the California Tort Claims Act requirements.

71. Defendants Engelberto Delgado, Robert May and DOES 1 through 3, shot and killed Tho Xuan Ngo.

72. At the time they shot and killed Tho Zuan Ngo, said defendants knew, or should have known, that plaintiffs KAYLA DANG and TAYLOR DANG were present at the location within 20 feet of their father, Tho Xuan Ngo.

73. Said defendants acted with reckless disregard of the probability that KAYLA DANG and TAYLOR DANG would suffer emotional distress, knowing that KAYLA DANG and TAYLOR DANG were present when the conduct occurred.

74. As a result of their contemporaneous viewing and experiencing the shooting and killing of their father, KAYLA DANG and TAYLOR DANG suffered severe emotional distress.

75. As a direct and proximate result of the intentional, reckless and/or negligent conduct of the above defendants, Tho Xuan Ngo eventually died. Plaintiffs have been made to suffer severe emotional and psychological distress. Plaintiffs will continue to suffer said severe emotional and psychological distress for the rest of their natural lives.

76. Defendants CITY OF WESTMINSTER are vicariously liable for the wrongful, intentional and/or negligent acts of Defendants Engelberto Delgado, Robert May and DOES 1 through 3 pursuant to California Government Code § 815.2, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

77. These deliberate and unjustified acts undertaken by Defendants Engelberto Delgado, Robert May and DOES 1 through 3 were willful and done with a deliberate disregard for the rights and safety of KAYLA DANG and TAYLOR DANG and, therefore, warrant the imposition of punitive damages as to Defendants Engelberto Delgado, Robert May and DOES 1 through 3.

### SEVENTH CLAIM FOR RELIEF

**Civil Rights Violations (Cal. Civ. Code § 52.1)**

**As Against Defendants CITY OF WESTMINSTER, CITY OF WESTMINSTER POLICE DEPARTMENT and DOE Defendants 1 through 10**

78. Plaintiff ESTATE OF THO XUAN NGO realleges and incorporates the foregoing paragraphs as if set forth herein.

79. This cause of action arises under the general laws and Constitution of the State of California, including California Civil Code § 52.1 and California Government Code §§820 and 815.2. Plaintiff ESTATE OF THO XUAN NGO has complied with the California Tort Claims Act requirements.

80. As a result of the conduct of Defendants DOES 1 through 3, and DOES 4 through 10, by the use of threats, intimidation, and coercions, interfered with Tho Xuan Ngo's exercise and enjoyment of the rights secured by the United States Constitution and other Federal laws, the Constitution and laws of the State of California, and their rights under California Civil Code § 52.1.

81. The California Civil Code § 52.1(b) authorizes a private right of action for damages to any person whose constitutional rights are violated. Moreover, "a successful claim for excessive force under the Fourth Amendment provides the basis for a successful claim under § 52.1." *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105-06 (9th Cir. 2014); citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir.2013) ("[T]he elements of the excessive force claim under § 52.1 are the same as under § 1983."); *Bender v. Cnty. of L.A.*, 217 Cal.App.4th 968, 976 (2013) ("an unlawful [seizure]—when accompanied by unnecessary, deliberate and excessive force—is [] within the protection of the Bane Act").

82. Defendants' actions as alleged herein violated Tho Xuan Ngo's constitutional rights against unreasonable searches and seizures and rights to familial association, all of which are protected by the Constitution of the State of California.

83. As a proximate result of the acts of these Defendants, and each of them, Tho Xuan Ngo was made to lose his life without cause or justification.

84. All of the above acts and omissions of Defendants DOES 1 through 3 were wilful, wanton, malicious and oppressive, thereby justifying the awarding of exemplary and punitive damages as to these Defendants.

85. Defendants CITY OF WESTMINSTER and CITY OF WESTMINSTER POLICE DEPARTMENT, and DOES 1 through 10, and each of them, for their

respective acts and violations pleaded herein above, are liable to Plaintiff ESTATE OF THO XUAN NGO for damages, penalties and attorneys' fees as provided in California Civil Code § 52.1.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests entry of judgment in their favor and against Defendants as follows:

A. For compensatory damages, including pre-death pain and suffering damages, general damages and special damages, and statutory damages for violation of the laws and Constitution of the United States and State of California, in an amount to be determined at trial;

B. For punitive damages against Defendant Officers pursuant to 42 U.S.C. § 1983, and any other applicable laws or status, in an amount sufficient to deter and make an example of each non-government entity Defendant;

C. For prejudgment interest to be determined at trial;

D. For reasonable costs of this suit and attorneys' fees, including attorneys' fees pursuant to 42 U.S.C. § 1988; and

E. For such further other relief as the Court may deem just, proper, and appropriate.

Dated: April 16, 2021               CASILLAS & ASSOCIATES

                                    By _/s/ Arnoldo Casillas_____
                                    ARNOLDO CASILLAS
                                    DENISSE O. GASTÉLUM
                                    Attorneys for Plaintiffs, ESTATE OF THO XUAN NGO, by and through successors in interest, Shantel Dang, Kayla Dang, and Taylor Dang; SHANTEL DANG, individually; KAYLA DANG, individually; and TAYLOR DANG, individually

**DEMAND FOR JURY TRIAL**

Plaintiffs ESTATE OF THO XUAN NGO, by and through successors in interest, Shantel Dang, Kayla Dang, and Taylor Dang; SHANTEL DANG, individually; KAYLA DANG, individually; and TAYLOR DANG, individually, hereby demand trial by jury.

Dated: April 16, 2021                    CASILLAS & ASSOCIATES

By _/s/ Arnoldo Casillas_____
ARNOLDO CASILLAS
DENISSE O. GASTÉLUM
Attorneys for Plaintiffs, ESTATE OF THO XUAN NGO, by and through successors in interest, Shantel Dang, Kayla Dang, and Taylor Dang; SHANTEL DANG, individually; KAYLA DANG, individually; and TAYLOR DANG, individually